■ SAMUEL FREMER et al., Respondents, v WOODCREST CLUB, INC., Appellant.—In an action to recover damages, *inter alia,* for breach of contract, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated October 4, 1984, as (1) granted the motion of plaintiff Arthur S. Friedman for partial summary judgment on his first cause of action; and (2) denied that branch of its cross motion which sought the dismissal of the complaint insofar as asserted by certain of the plaintiffs as a sanction pursuant to CPLR 3126 for their failure to present themselves for examinations in accordance with pretrial disclosure demands.

Order reversed, insofar as appealed from, motion denied, and that branch of defendant's cross motion which sought dismissal of the complaint insofar as it is asserted by those plaintiffs who have not appeared for pretrial discovery, i.e., all plaintiffs except Arthur S. Friedman and Carson Rosenfeld, granted, and the complaint of those plaintiffs dismissed.

The pleadings and affidavits presented to Special Term raise questions of fact which must be determined at trial with regard to defendant's affirmative defenses of the running of the Statute of Limitations and an accord and satisfaction and plaintiff Arthur S. Friedman's right and entitlement to payment under the original debenture issued to him. Therefore, Arthur S. Friedman's motion for partial summary judgment is denied. The plaintiffs who have neither appeared in opposition to defendant's motion nor on this appeal, and have not as yet appeared for pretrial examination, have effectively ignored for more than five years defendant's disclosure demand and a court order enforcing that demand. Such conduct constitutes an abandonment of their claim and warrants sanction pursuant to CPLR 3216. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.